**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| LYNN MACARTHUR, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ATLANTICARE MANAGEMENT, LLC, d/b/a PUTNAM RIDGE NURSING HOME,<br><br>Defendant. | CLASS AND COLLECTIVE ACTION COMPLAINT<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Lynn MacArthur ("Plaintiff"), through her undersigned counsel, individually and on behalf of all persons similarly situated, files this Class and Collective Action Complaint against Defendant Atlanticare Management, LLC d/b/a Putnam Ridge Nursing Home ("Defendant" or "Putnam Ridge"), seeking all available relief under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq*. ("FLSA"), and seeking to recover liquidated and other damages for Defendant's violations of New York Labor Law, Art. 6 §§ 190 *et seq.* ("NYLL"). The following allegations are based on personal knowledge as to Plaintiff's own conduct and are made on information and belief as to the acts of others.

## INTRODUCTION

1. Defendant operates Putnam Ridge, a nursing home and rehabilitation center in Brewster, New York.

2. This case is about Defendant's failure to timely pay manual workers as required by New York Labor Law and the FLSA.

3. Plaintiff was employed by Defendant as a "manual worker" as defined by NYLL § 190(4), having worked for Defendant in Brewster, New York as a Certified Nursing Assistant ("CNA").

4. Defendant paid Plaintiff and other manual workers on a biweekly basis.

5. As a result, Defendant violated the requirement that manual workers be paid on a weekly basis in accordance with NYLL § 191(1)(a), and the requirement that employees "be paid on the regular pay day" under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, (*see* 29 C.F.R. § 778.106).

6. This case is further about Defendant's failure to pay Plaintiff and all similarly situated non-exempt employees all wages due, including overtime wages, under the FLSA and NYLL as a result of its unlawful policy of automatically deducting meal periods without regard to whether employees were able to take a *bona fide* meal period.

7. Finally, this case is also about Defendant's failure to provide spread of hours pay to non-exempt employees when they worked split shifts or shifts lasting longer than ten (10) hours in a day as required by New York Labor Law. *See* N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.4

**JURISDICTION AND VENUE**

8. The exercise of jurisdiction over Plaintiff's FLSA claim is proper under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

9. This Court has supplemental jurisdiction over Plaintiff's New York state law claims under 28 U.S.C. § 1367 because the state law claims share a common nucleus of operative facts with Plaintiff's federal law claims.

10. Venue in this Court is proper pursuant to 28 U.S.C. § 1391. Defendant is incorporated in this District and conduct business in this District.

**PARTIES**

11. Plaintiff Lynn MacArthur is an individual residing in Pawling, New York. Plaintiff

has worked for Defendant as a Certified Nursing Assistant ("CNA") from February 2024 through the present. Plaintiff's written consent to be a plaintiff in this action pursuant to 29 U.S.C. § 216(b) is attached hereto as Exhibit A.

12. Defendant is a limited liability company organized under the laws of New York.

13. The unlawful acts alleged in this Complaint were committed by Defendant and/or Defendant's officers, agents, employees, or representatives, while actively engaged in the management of Defendant's businesses or affairs and with the authorization of Defendant.

14. At all times relevant to this Complaint, Plaintiff and similarly situated employees are "employees" of Defendant and covered by the FLSA. 29 U.S.C. § 203(e).

15. At all times relevant to this Complaint, Plaintiff and similarly situated employees are "employees" of Defendant and covered by NYLL. *See* NYLL § 190.2; N.Y. Comp. Codes R. & Regs. Tit. 12 §§ 142-2.14.

16. Defendant is an employer covered by the FLSA and NYLL. *See* 29 U.S.C. § 203(d); NYLL § 190.3.

17. Defendant employs Plaintiff and similarly situated employees in New York.

18. Defendant employs individuals engaged in commerce or in the production of goods for commerce and/or handling, selling, or otherwise working on goods or materials that have been moved in or produced in commerce by any person, as required by 29 U.S.C. §§ 206-207.

19. Defendant's annual gross volume of sales made or business done exceeds $500,000.

## CLASS AND COLLECTIVE DEFINITIONS

20. Plaintiff brings Count I of this lawsuit pursuant to the FLSA, 29 U.S.C. § 216(b) as a collective action on behalf of herself and the following similarly situated persons:

> All current and former non-exempt employees who worked for Defendant and who worked over forty (40) hours in at least one workweek during the past three years

(the "FLSA Collective").

21. Plaintiff brings Counts II-IV of this lawsuit pursuant to FED. R. CIV. P. 23 and NYLL § 190, *et seq.* on behalf of herself and the following class:

> All current and former non-exempt employees who worked for Defendant during the past six years and 228 days in New York (the "New York Class").[1]

22. Plaintiff brings Count V of this lawsuit pursuant to FED. R. CIV. P. 23 and NYLL § 190, *et seq.* on behalf of herself and the following subclass:

> All current and former non-exempt employees who worked for Defendant as manual workers during the past six years and 228 days in New York (the "NY Manual Worker Class").

23. The New York Class and the NY Manual Worker Class are together referred to as the "New York Classes".

24. The FLSA Collective, New York Class, and the NY Manual Worker Class are together referred to as the "Classes," with individual members referred to as "Class Members."

25. Plaintiff reserves the right to redefine the Classes prior to notice, and thereafter, as necessary.

## FACTUAL BACKGROUND

26. Defendant owns and operates Putnam Ridge Nursing Home, a 160-bed nursing

---

[1] This class period is due to Governor Andrew Cuomo's Executive Orders that tolled the applicable NYLL statute of limitations during the COVID-19 pandemic for a total of 228 days. *See Brash v. Richards*, 195 A.D. 3d 582, 2021 WL 2213786, 2021 N.Y. Slip Op 03436 (App. Div. 2d Dep't June 2, 2021) (holding executive order tolled rather than suspended statutes of limitations under New York law); *McLaughlin v. Snowlift Inc.*, 71 Misc. 3d 1226(A) (Sup. Ct., Kings Cnty. 2021) (calculating that, together, Governor Cuomo's Executive Orders lasted 228 days). The New York Court of Appeals recently affirmed the 228-day tolling period. *See Favourite Ltd. v. Cico*, 42 42 N.Y.3d 250, 243 N.E.3d 494, 502 (N.Y. 2024) ("Executive Order 202.8 tolled all filing periods until November 3, 2020."); *Jaime v. City of New York*, 41 N.Y.3d 531, 237 N.E.3d 796, 801 (N.Y. 2024) (202.8 tolled all limitations periods due to the COVID-19 pandemic); *accord In re Nordlicht*, 115 F.4th 90, 113 (2d Cir. 2024)("Executive Order 202.8 tolled any specific time limit for the commencement, filing, or service of any legal action, notice, motion, or other process or proceeding."); *Miehle-Kellogg v. Cnty. of Suffolk*, No. 19-CV-04943 (GRB) (JMW), 2024 WL 5120017, at *10 (E.D.N.Y. Dec. 16, 2024) (Original statute of limitations expiration date was December 15, 2021, but statute of limitations was extended by 228 days to July 31, 2022); *Newkirk v. City of New York*, No. 21-CV-6635, 2024 WL 3966096, at *1 (E.D.N.Y. Aug. 28, 2024); *Charles Equip. Energy Sys., LLC v. INNIO Waukesha Gas Engines, Inc.*, No. 22 CIV. 2716 (CM), 2023 WL 2346337, at *1 (S.D.N.Y. Mar. 3, 2023).

facility providing inpatient and outpatient medical care in Brewster, New York.

27. Defendant employs Plaintiff as a CNA and classifies her as a non-exempt hourly employee.

28. Defendant currently pays Plaintiff $20.50 per hour.

29. Defendant employs hundreds of non-exempt employees to operate Putnam Ridge Nursing Home and care for its residents, including, *inter alia*, CNAs, assistants, physical therapists, housekeeping and support staff.

**Defendant Does Not Pay for All Hours Worked**

30. Plaintiff regularly works five (5) to six (6) days a week.

31. Plaintiff regularly works eight (8) hours or more a day and regularly works forty (40) to forty-eight (48) hours a week.

32. Other Class Members work similar schedules and regularly work forty (40) or more hours a week.

33. Pursuant to Defendant's policies and procedures, Defendant automatically deducts thirty (30) minutes from Plaintiff's and Class Member's time each shift for their unpaid meal period ("Auto Deduct Policy").

34. Defendant implements its Auto Deduct Policy without regard to whether Plaintiff and Class Members are able to take a *bona fide* full thirty (30) minute meal break in which they are relieved of all work.

35. Due to chronic short staffing issues at Putnam Ridge, Plaintiff and other Class Members regularly work through their meal periods one or more times per week in order to tend to the needs of residents and as required by Defendant.

36. For example, on March 4, 2025, Plaintiff had to work through her meal period

without pay because her shift was understaffed, and Defendant did not schedule another employee to relieve Plaintiff from work for her meal break.

37. Although Defendant has the ability to track when Plaintiff and Class Members work through meal periods, Defendant chooses not to do so.

38. Defendant knows that Plaintiff and Class Members are working through meal periods off-the-clock and without pay because Defendant schedules the times for Plaintiff's and Class Members' meal periods and Defendant's supervisors, including floor charge nurses, observe Plaintiff and Class Members working during those times and tending to the needs of residents.

39. Despite knowing that Plaintiff and Class Members are working off-the-clock, Defendant fails to pay Plaintiff and other Class Members for this time.

40. By requiring or permitting Plaintiff and the Class Members to work off the clock, Defendant deprived and continues to deprive Plaintiff and Class Members of earned wages, including earned overtime wages, for all hours worked.

**Defendant Fails to Pay Spread of Hours Pay**

41. Throughout her employment, Plaintiff works shifts that last ten hours or longer in a single day.

42. When Plaintiff's workday lasts longer than ten (10) hours, Defendant does not pay Plaintiff spread of hours compensation as required under 12 N.Y.C.R.R. § 146-1.6 and the NYLL.

43. For example, on November 24, 2024, Plaintiff worked for eleven and a half (11.5) hours, however, her pay statement for this pay period did not include any spread of hours pay.

44. Other Class Members also work ten or more hours in a day without receiving spread of hours compensation.

**Defendant Fails to Pay Wages Timely for Manual Laborers**

45. As a CNA, Plaintiff's work is primarily manual labor in nature as she assists residents with activities of daily living including bathing dressing, grooming, eating, and mobility. Plaintiff performs manual labor tasks the majority of the time she spends working – she cleans, shaves, and showers her patients, makes their beds, serves them food, and lifts them daily.

46. Members of the NY Manual Worker Class perform similar manual labor tasks more than 25% of their working time.

47. At all times relevant, Plaintiff and NY Manual Worker Class have been "manual workers" within the meaning of NYLL § 190(4).

48. As manual workers, Plaintiff and NY Manual Worker Class Members are entitled to payment of their wages within seven calendar days after the end of the workweek as required by NYLL § 191(1)(a).

49. Throughout her employment, however, Defendant has uniformly applied its biweekly payment policy and paid Plaintiff and NY Manual Worker Class Members on a biweekly basis.

50. For example, Plaintiff worked the week of October 20 – 26, 2024 and was not paid her earned wages for all hours worked this week until November 8, 2024. Defendant did not pay Plaintiff weekly and within seven calendar days after the end of the week in which her wages were earned as required by NYLL § 191.

51. Defendant violated the NYLL by failing to pay Plaintiff and NY Manual Worker Class Members on a weekly basis as required by NYLL.

52. Plaintiff and the NY Manual Worker Class Members were uniformly deprived of the time value of their earned wages during periods in which payment was illegally delayed.

53. Plaintiff and the NY Manual Worker Class Members were uniformly deprived of the ability to use – *i.e.*, spend, invest, or save – their earned wages during the period in which payment was illegally delayed.

54. Plaintiff and the NY Manual Worker Class Members lost the opportunity to grow such untimely-paid wages through investment or otherwise benefit financially, including by paying down debts earlier.

55. Defendant, however, benefited from the delayed payments. That is, among other things, Defendant reduced its administrative costs by paying less frequently than required and used the extra money it was holding onto as it pleased until payroll was cut.

56. Plaintiff and Class Members were denied wages amounting to at least the minimum wage times their hours worked for the duration of the illegal delay.

57. Plaintiff and Class Members were denied their federally and state mandated overtime wages for the duration of the illegal delay.

58. Defendant is able to pay all minimum wages and overtime wages due on a weekly basis.

59. Plaintiff is informed, believes, and thereon alleges that Defendant's unlawful conduct has been widespread, repeated, and consistent as to the Class Members and throughout Defendant's operations in New York.

60. Defendant does not possess a good faith basis for deciding to pay and thereafter continuing to pay its employees' wages biweekly.

61. The State of New York has required employers to pay certain manual workers on a weekly basis since the 19th Century. *See* N.Y. Session Law 1890, Ch. 388 § 1; N.Y. Session Law 1897, Ch. 415 §§ 2, 10.

62. A reasonable employer inquiring into New York's wage payment rules would know that manual workers are to be paid each week given that, for example, the rules are listed on the Department of Labor's Frequency Asked Questions flyer regarding the Wage Theft Prevention Act[2] and many legal, human resource, and employment blogs brought attention to this issue following the First Department's 2019 decision in *Vega v. CM & Assocs. Constr. Mgmt. LLC*, 175 A.D.3d 1144 (1st Dep't 2019).

63. Upon information and belief, Defendant does not qualify for the exemption from the NYLL's weekly payment requirement and did not apply for the exemption.

64. The New York State Department of Labor has not authorized Defendant to pay its employees on a biweekly basis.

65. Upon information and belief, Defendant did not: (a) inquire into whether its biweekly payroll practice complies with the NYLL; (b) take requisite steps to ensure that Plaintiff and NY Manual Worker Class Members were paid as per the timely pay requirements of the NYLL; and (c) conduct any study or audit of its compensation practices to ensure that Plaintiff and the NY Manual Worker Class Members were paid in compliance with the NYLL's timely payment requirements.

**Defendant Willfully Violated the FLSA and NYLL**

66. Defendant's actions in violation of the FLSA and NYLL were or are made willfully in an effort to avoid liability under the FLSA and NYLL.

67. Defendant has not properly paid Plaintiff and other Class Members all wages and overtime compensation for all hours worked.

---

[2] *See Wage Theft Prevention Act Frequently Asked Questions (FAQ)*, NY Dept. of Labor Resources Page (https://dol.ny.gov/system/files/documents/2021/03/wage-theft-prevention-act-frequently-asked-questions_0.pdf) (last accessed May 1, 2025); *see also Frequency of Pay*, NY Dept. of Labor (https://dol.ny.gov/frequency-pay).

68. Defendant has not properly paid Plaintiff and other Class Members spread of hours compensation in violation of the NYLL.

69. Defendant has not timely paid Plaintiff and Class Members pursuant to NYLL.

70. Defendant knew, or absent its own recklessness should have known, that Plaintiff and Class Members are or were entitled to all compensation owed, including overtime and spread of hours pay, and to be paid timely.

71. Defendant is a large, sophisticated employer, and has hired or has the means to hire competent counsel to advise it on its legal obligations.

72. Defendant knew that Plaintiff and other Class Members were entitled to overtime and all wages owed for all hours worked under the FLSA and NY law because Defendant classified Class Members as non-exempt employees.

73. At all times relevant to this Complaint, Defendant acted willfully and/or with reckless disregard of the applicable FLSA and New York provisions by failing to properly compensate Plaintiff and other Class Members for all hours worked, including overtime compensation and spread of hours under the FLSA and New York Labor Law.

74. Further, Defendant acted willfully and/or with reckless disregard of the applicable FLSA and New York provisions by failing to timely pay Plaintiff and other Class Members.

## COLLECTIVE ACTION ALLEGATIONS UNDER THE FLSA

75. Plaintiff brings Count I of this lawsuit pursuant to 29 U.S.C. § 216(b) as a collective action on behalf of herself and the FLSA Collective as defined above.

76. Plaintiff desires to pursue her FLSA claims on behalf of all individuals who opt-in to this action pursuant to 29 U.S.C. § 216(b).

77. Plaintiff and the FLSA Collective members are “similarly situated” as that term is

used in 29 U.S.C. § 216(b) because, *inter alia*, all such individuals currently work or have worked pursuant to Defendant's previously described common business and compensation practices as described herein, and, as a result of such practices, have not been timely or properly paid overtime compensation for all hours worked over forty (40) in a workweek during the relevant time period. Resolution of this action requires inquiry into common facts, including, Defendant's common compensation, classification, and payroll practices applicable to the employees at issue.

78. The FLSA Collective members are known to Defendant, are readily identifiable through HR and payroll records, and can easily be located through Defendant's business and human resources records and electronic systems.

79. Defendant employs many FLSA Collective members. These similarly situated employees, consisting of both current and former employees who have been employed by Defendant during the relevant three-year statute of limitations period, should promptly be notified in writing of this action through U.S. mail, email, and text message and/or other means, and allowed to opt-in to this action pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for unpaid wages, untimely wage payments, liquidated damages, and attorneys' fees and costs under the FLSA.

## CLASS ACTION ALLEGATIONS

80. Plaintiff also brings Counts II, III, IV, and V of this action as a class action pursuant to FED R. CIV. P. 23 on behalf of herself and the New York Classes defined above.

81. The members of the New York Classes are so numerous that joinder of all members is impracticable. Upon information and belief, there are more than forty (40) members of the New York Classes.

82. Plaintiff will fairly and adequately represent and protect the interests of the New

York Classes because there is no conflict between the claims of Plaintiff and those of the New York Classes, and Plaintiff's claims are typical of the claims of the members of the New York Classes. Plaintiff's Counsel are competent and experienced in class action litigation and other complex litigation, including wage and hour cases like this one.

83. There are questions of law and fact common to the proposed New York Classes, which predominate over any questions affecting only individual members of the New York Classes, including without limitation:

a. whether Defendant acted in good faith when failing to pay Plaintiff and the New York Classes timely;

b. whether Defendant failed to pay Plaintiff and the New York Classes for all hours worked and all overtime hours worked;

c. whether Defendant failed to pay spread of hours pay when Plaintiff and the New York Classes worked shifts of ten (10) hours or longer in a workday; and

d. whether Defendant failed to pay timely wages to Plaintiff and the New York Classes in violation of and within the meaning of NYLL § 191(a).

84. Plaintiff's claims are typical of the claims of the New York Classes in the following ways, without limitation: (a) Plaintiff is a member of the New York Classes; (b) Plaintiff's claims arise out of the same policies, practices, and course of conduct of Defendant that form the basis of the claims of the New York Classes; (c) Plaintiff's claims are based on the same legal and remedial theories as those of the New York Classes and involve similar factual circumstances; (d) there are no conflicts between the interests of Plaintiff and the members of the New York Classes; and (e) the injuries suffered by Plaintiff are similar to the injuries suffered by the New York Classes.

85. Class certification is appropriate under FED. R. CIV. P. 23(b)(3) because questions of law and fact common to the New York Classes predominate over any questions affecting only individual members of the New York Classes.

86. Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail. No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy. The New York Classes are readily identifiable from Defendant's own employment records. Prosecution of separate actions by individual members of the New York Classes would create the risk of inconsistent or varying adjudications with respect to individual members of the New York Classes that would establish incompatible standards of conduct for Defendant.

87. A class action is superior to other available methods for adjudication of this controversy because joinder of all members is impractical. Further, the amounts at stake for many members of the New York Classes, while substantial, are not great enough to enable them to maintain separate suits against Defendant.

88. Without a class action, Defendant will retain the benefit of its wrongdoing, which will result in further damages to Plaintiff and the New York Classes. Plaintiff envisions no difficulty in the management of this action as a class action.

**COUNT I**
**FLSA – Failure to Pay Overtime Wages**
**(on Behalf of Plaintiff and the FLSA Collective)**

89. Plaintiff realleges and incorporates by reference all preceding allegations.

90. The FLSA requires that covered non-exempt employees be compensated for all hours worked in excess of forty (40) hours per week at a rate not less than one and one-half (1 ½)

times the regular rate at which she is employed. *See* 29 U.S.C. § 207 and 29 C.F.R. § 552.100.

91. Defendant is subject to the wage requirements of the FLSA because Defendant is an "employer" under 29 U.S.C. § 203(d) and 29 C.F.R. § 552.109(a).

92. During all relevant times, Plaintiff and the FLSA Collective Members have been covered employees entitled to the above-described FLSA's protections. *See* 29 U.S.C. § 203(e).

93. Plaintiff and the FLSA Collective Members are not exempt from the requirements of the FLSA.

94. Defendant, pursuant to its policies and practices, failed and refused to pay overtime wages for all hours worked in excess of forty (40) in a workweek by Plaintiff and the FLSA Collective Members during the relevant time period.

95. Defendant knowingly failed to properly compensate Plaintiff's and the FLSA Collective Members' overtime wages for hours worked in excess of forty (40) in a workweek, in violation of 29 U.S.C. § 207 and 29 C.F.R. § 552.100.

96. In violating the FLSA, Defendant acted willfully and with reckless disregard of clearly applicable FLSA provisions.

97. Pursuant to 29 U.S.C. § 216(b), employers such as Defendant, who intentionally fail to pay an employee wages in conformance with the FLSA shall be liable to the employee for unpaid wages, liquidated damages, court costs, and attorneys' fees incurred in recovering the unpaid wages.

**COUNT II**
**NYLL – Failure to Pay Overtime Wages**
**(On Behalf of Plaintiff and the New York Class)**

98. All previous paragraphs are incorporated as though fully set forth herein.

99. The overtime wage provisions of Article 19 of the New York Labor Laws and its

supporting regulations 12 NYCRR § 142-3 apply to Defendant and protect Plaintiff and the New York Class Members. *See* 12 NYCRR § 142-3.12, 3.13.

100. The NYLL requires that covered employees be compensated for all hours worked in excess of forty (40) hours per week at a rate not less than one and one-half (1½) times the regular rate at which she is employed. *See* 12 NYCRR § 142-3.2.

101. During all relevant times, Plaintiff and the New York Class were covered employees entitled to the above-described NYLL protections. *See* 12 NYCRR § 142-3.12.

102. During all relevant times, Plaintiff and the New York Class did not qualify as exempt from the overtime requirements of the NYLL under 12 NYCRR § 142-3.12.

103. Defendant knowingly failed to compensate Plaintiff and the New York Class at a rate of one and one-half (1 ½) times their regular hourly wage for hours worked in excess of forty (40) hours per week, in violation of NYLL and its supporting regulations. 12 NYCRR § 142-3.2.

104. Defendant failed to keep, make, preserve, maintain, and furnish accurate records of time worked by Plaintiff and the New York Class.

105. Due to Defendant's violations of the NYLL, Plaintiff and the New York Class Members are entitled to recover from Defendant their unpaid overtime wages, attorneys' fees, costs, prejudgment interest and liquidated damages. NYLL § 198 (1-a).

**COUNT III**
**NYLL – Failure to Pay Non-Overtime Wages**
**(On Behalf of Plaintiff and the New York Class)**

106. All previous paragraphs are incorporated as though fully set forth herein.

107. At all times relevant, Plaintiff and the members of the New York Class have been employees and Defendant has been an employer within the meaning of the NYLL.

108. Defendant employed Plaintiff and the members of the Class as an employer in New York.

109. Defendant failed to keep, make, preserve, maintain and furnish accurate records of time worked by Plaintiff and the Class.

110. Defendant failed to pay Plaintiff and the New York Class non-overtime wages to which they are entitled under the NYLL Art. 19 §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations, specifically N.Y. Lab. Law § 661(3).

111. Defendant has a policy and/or practice of refusing to pay non-overtime compensation for all hours worked to Plaintiff and the New York Class.

112. Defendant's failure to pay non-overtime compensation to Plaintiff and the New York Class was willful, within the meaning of N.Y. Lab. Law § 663, and intentional.

113. Defendant lacked a good faith basis, within the meaning of NYLL § 663, to believe its failure to pay Plaintiff and the New York Class non-overtime wages complied with the NYLL.

114. Due to Defendant's intentional and willful violations of the NYLL, Plaintiff and the members of the New York Class are entitled to recover from Defendant their unpaid wages, liquidated damages, reasonable attorneys' fees and costs of the action, pre-judgment and post-judgment interest, and such other relief as provided by law.

**COUNT IV**
**NYLL – Failure to Pay Spread of Hours Pay**
**(On Behalf of Plaintiff and the New York Class)**

115. All previous paragraphs are incorporated as though fully set forth herein.

116. Plaintiff and the New York Class members regularly had workdays that lasted ten (10) hours or more.

117. Defendant willfully and intentionally failed to compensate Plaintiff and the New

York Class members one hour's pay at the basic New York minimum hourly wage rate when their workdays exceeded ten (10) hours, as required by New York law. *See* N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.4.

118. As a result of Defendant's willful and unlawful conduct, Plaintiff and the New York Class are entitled to an award of damages, including liquidated damages, in amount to be determined at trial, pre- and post-judgment interest, costs and attorneys' fees, as provided by NYLL § 663.

**COUNT V**
**NYLL – Untimely Payment of Wages**
**(on Behalf of Plaintiff and the NY Manual Worker Class)**

119. All previous paragraphs are incorporated as though fully set forth herein.

120. Defendant failed to pay Plaintiff and the NY Manual Worker Class within seven days after the end of each workweek as required by NYLL § 191(1)(a).

121. Defendant has not received authorization under NYLL § 191(1)(a)(ii) from the Commissioner of Labor to pay its employees less frequently than once per week.

122. Defendant does not possess a good faith basis for believing that its delayed payment of wages complies with the law.

123. Due to Defendant's violations of NYLL § 191(1)(a), Plaintiff and the NY Manual Worker Class are entitled to damages for late-paid wages and owed liquidated damages amounting to the value of any late-paid wages during the six years and 228 days prior to the filing of this complaint, pre- and post-judgment interest, and reasonable attorneys' fees and costs pursuant to NYLL § 198.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff seeks the following relief on behalf of herself and the Class Members:

a. An order permitting this litigation to proceed as an FLSA collective action pursuant to 29 U.S.C. § 216(b);

b. Prompt notice, pursuant to 29 U.S.C. § 216(b), of this litigation to all potential FLSA Collective Members;

c. An order permitting this litigation to proceed as a class action pursuant to Fed. R. Civ. P. 23 on behalf of the New York Classes;

d. Back pay damages (including overtime compensation) and pre- and post-judgment interest to the fullest extent permitted under the law;

e. Liquidated damages to the fullest extent permitted under the law;

f. Litigation costs, expenses, and attorneys' fees to the fullest extent permitted under the law; and

g. Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all claims and issues.

Dated: May 16, 2025

Respectfully submitted,

*s/ Mariyam Hussain*

Mariyam Hussain
(NY Bar No. 5492475)
**BERGER MONTAGUE PC**
110 N. Wacker Drive, Suite 2500
Chicago, IL 60606
Telephone: (773) 666-4316
mhussain@bm.net

Camille Fundora Rodriguez*
Michael J. Anderson*
**BERGER MONTAGUE PC**
1818 Market Street, Suite 3600
Philadelphia, PA 19103
Telephone: (215) 875-4635
Facsimile: (215) 875-4604
crodriguez@bm.net
manderson@bm.net

*Attorneys for Plaintiff and the Proposed Class and Collective Members*

* *Pro hac vice forthcoming*